[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #130
The plaintiff, Pasquale Silano, commenced this tort action against the defendant, Hartford Underwriters Insurance Company, to recover damages relating to the defendant's handling of his workers' compensation claims. At all times relevant to the complaint, the plaintiff was employed by NAM-KO, Inc., d/b/a Food World (NAM-KO). The defendant issued a workers' compensation insurance policy providing coverage to NAM-KO's employees for injuries arising out of and in the course of their employment from February 11, 1993 through February 11, 1996. On December 31, 1993, August 26, 1994 and March 16, 1995, the plaintiff, who sustained injuries that arose out of and in the course of his employment, filed workers' compensation claims with NAM-KO. Pursuant to the terms of the policy, the defendant paid workers' compensation benefits to the plaintiff and has fully participated in proceedings CT Page 11393 before the workers' compensation commission. On December 12, 1997, the workers' compensation commissioner (commissioner) approved a written voluntary agreement which was negotiated and agreed to by both the plaintiff and the defendant.
On February 24, 2000, the plaintiff filed a four-count amended complaint against the defendant asserting breach of the covenant of good faith and fair dealing, recklessness, violations of the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-815 et seq., and a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110 et seq.
The defendant moves for summary judgment as to the entire amended complaint on the ground that the plaintiffs claims are barred by the exclusivity provision of the Workers' Compensation Act (act), General Statutes § 31-284 (a).[1] The defendant asserts that the act provides adequate remedies for claims against an insurer for alleged failure to pay benefits or noncompliance with the act's requirement and that the court lacks jurisdiction because the plaintiff has failed to exhaust the act's administrative remedies.
The Supreme Court "recognizes an independent cause of action in tort arising from an insurer's common law duty of good faith. This cause of action is separate and distinct from the plaintiffs statutory claims. . . . An implied covenant of good faith and fair dealing has been applied by this court in a variety of contractual relationships, including . . . insurance contracts. . . ." (Citations omitted; internal quotation marks omitted.) Buckman v. People Express, Inc., 205 Conn. 166, 170, 530 A.2d 596
(1987).
"There is currently a split of authority [in the Superior Court] as to whether a beneficiary of a workers' compensation award can sue an insurance carrier for bad faith handling of the worker's claims.[2] One line of reasoning holds that the exclusivity principle of workers compensation does not apply because the alleged intentional bad faith handling of a workers' compensation claim by an insurance company does not arise during the course of employment, but rather occurs after the injury for which the worker is being compensated. . . . This line of cases also generally holds that since the remedies provided for by workers' compensation do not provide redress for consequential damages suffered as a result of an insurer's bad faith handling of a workers' compensation award, further administrative remedies would be inadequate and exhaustion futile." (Citations omitted.) Moran v. Travelers Property Casualty, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 350319 (October 23, 1998, Stodolink, J.) (23 Conn.L.Rptr. 383, 384); see also Yuille v. Bridgeport Hospital, CT Page 11394 Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 358902 (May 11, 1999, Nadeau, J.) (24 Conn.L.Rptr 555).[3]
"As the majority of the [decisions of the Superior Court] . . . have held, allegations of bad faith on the part of the insurer in handling claims are not governed by the provisions of the Workers' Compensation Act. Even though the Workers' Compensation Act makes reference to instances of `undue delay' of payment, the Workers' Compensation Act does not adequately address instances where the insurer or employer deliberately and intentionally acts in bad faith in failing to compensate the injured employee." Moran v. Travelers Property Casualty, supra,23 Conn.L.Rptr. 384.
In the present case, the court adopts the position followed by the majority of decisions of the Superior Court. Actions against an insurer relating to the insurer's handling of an employee's workers' compensation claim are not barred by the act's exclusivity provision because they do not arise from the course of employment, but constitute injuries resulting from the independent action of the insurer. See Moran v.Travelers Property Casualty, supra, 384; Yuille v. BridgeportHospital, supra, 24 Conn.L.Rptr 555. Therefore, the plaintiffs motion for summary judgment as to the entire complaint on the ground that the court lacks subject matter jurisdiction because the actions are barred by the act's exclusivity provision is denied.
The defendant also asserts that in order to allege a legally sufficient cause of action under CUTPA, premised on insurance related conduct, the predicate acts must constitute violations of CUIPA. The defendant then asserts that the plaintiff has failed to allege facts to support the legal conclusion that it engaged in conduct in violation of CUIPA and, therefore, it is entitled to judgment on the CUTPA claim.
"CUTPA, by its own terms, applies to a broad spectrum of commercial activity. The operative provision of the act, § 42-110b (a), states merely that `[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.' Trade or commerce, in turn, is broadly defined as `the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state.' . . . The entire act is remedial in character . . . and must `be liberally construed in favor of those whom the legislature intended to benefit.'" (Citations omitted.) LarsenChelsey Realty Co. v. Larsen, 232 Conn. 480, 492, 656 A.2d 1009 (1995). "In a CUTPA or CUIPA claim, the insurer's liability is ordinarily based on its conduct in settling or failing to settle the insured's claim and CT Page 11395 on its claims settlement policies in general. The factual inquiry focuses, not on the nature of the loss and the terms of the insurance contract, but on the conduct of the insurer. . . . In a CUIPA and CUTPA claim, the insurer's duty stems not from the private insurance agreement but from a duty imposed by statute." (Internal quotation marks omitted.)Heyman Associates No. 1 v. Insurance Co. of Pennsylvania, 231 Conn. 756,790, 653 A.2d 122 (1995).
Count four of the amended complaint alleges a violation of CUTPA predicated upon the violation of five CUIPA provisions, namely § 38a-816
(1), (2), (6), (7) and (15). The plaintiff alleges that the defendant's bad faith and failure to carry out its duties under the act and the terms of the insurance policy constitute violations of the aforementioned CUIPA provisions. The court concludes that the allegations contained in the fourth count of the amended complaint are legally sufficient and, therefore, the motion for summary judgment as to the fourth count is denied.
Summary judgment is granted as to count 3 by agreement of the parties.
RUSH, J